UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**FILED**
SEP 21 2015  DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

| | |
|---|---|
| RUBEN **QUIROZ**-TREJO, ) | |
| ) | |
| *Petitioner,* ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | CASE NO.: _____ |
| DAVID **RIVERA**, in his Official Capacity ) | |
| as New Orleans Field Office Director, ) | PETITION FOR WRIT OF HABEAS |
| U.S. Immigration and Customs ) | CORPUS PURSUANT TO 28 U.S.C. § |
| Enforcement – Enforcement and ) | 2241 |
| Removal Operations, ) | |
| ) | |
| *Respondent.* ) | |

---

**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

---

1. Petitioner Ruben Quiroz-Trejo is a 25 year-old father who lawfully entered the United States when he was three months old and has lived here ever since. His father, mother, siblings, partner, and six year-old daughter are all United States citizens or permanent residents, and the United States government has previously approved least on immigrant visa petition for him.

2. Nevertheless, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained Mr. Quiroz on September 21, 2015, as he was entering the Wilson County Courthouse to appear in General Sessions Court for a driving without a license citation.

3. After arresting Mr. Quiroz, ICE incorrectly asserted that Mr. Quiroz entered the United States without inspection, and charged him with being removable from the United States.

4. ICE then detained Mr. Quiroz in the Davidson County Jail without bond based on its incorrect position that he is subject to mandatory detention under 8 U.S.C. § 1226(c).

- 1 -

5. ICE bases its position that Mr. Quiroz is subject to mandatory, no-bond detention on a guilty plea for burglarizing an automobile in Chicago he accepted when he was 18 years old in exchange for two years of probation.

6. However, because the plain language Immigration and Nationality Act ("INA") prohibits ICE from imposing mandatory, no-bond detention upon individuals unless it detains them when they are released from state custody, ICE's claimed mandatory detention authority is contrary to law, and Mr. Quiroz's detention is consequently unlawful.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus); 28 U.S.C. § 651 (All Writs Act); 28 U.S.C. § 1331 (federal question); and U.S. Const., art. I, § 9, cl. 2 (Suspension Clause).

8. Though the courts of appeal have jurisdiction to review removal orders directly through petitions for review, *see* 8 U.S.C. §§ 1252(a)(1), (b), the federal district courts have jurisdiction under 28 U.S.C. § 2241 and U.S. Const. art. I, § 9, cl. 2 to hear habeas claims by non-citizens challenging the lawfulness or constitutionality of their detention by U.S. Immigration and Customs Enforcement (ICE). *Zadvydas v. Davis*, 533 U.S. 678 (2001); *Demore v. Kim*, 538 U.S. 510 (2003).

9. Venue is proper within this District pursuant to 28 U.S.C. § 2241(d) because Mr. Quiroz is presently imprisoned in the Davidson County Criminal Justice Center. *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003) (a § 2241 habeas petition "must be filed in the district court that has jurisdiction over a prisoner's place of confinement.") This Court should retain subject-matter jurisdiction even if Mr. Quiroz is transferred outside this District. *See, e.g., White v. Lamanna*, 42 Fed. App'x 670 (6th Cir. 2002); *Mujahid*

*v. Daniels*, 413 F.3d 991 (9th Cir. 2005) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and is not destroyed by a transfer of the petition and the accompanying custodial change."); *Quezada v. Hendricks*, 821 F. Supp. 2d 702, 705 (D.N.J. 2011) ("This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of DHS at the time he filed his petition . . . and he asserts that his mandatory detention is not statutorily authorized[.]").

## PARTIES

10. Petitioner Ruben Quiroz-Trejo is a 25 year-old resident of Davidson County, Tennessee. He is presently in ICE custody at the Davidson County Criminal Justice Center.

11. Respondent David Rivera is the Field Office Director for Enforcement and Removal Operations (ERO) in the New Orleans Field Office of ICE. In this capacity, he has jurisdiction over Mr. Quiroz's mandatory detention by ICE, he is authorized to release Mr. Quiroz, and he is a legal custodian of Mr. Quiroz. Mr. Lucero is sued in his official capacity.

## FACTS

12. The INA authorizes immigration officials to arrest, detain, and release noncitizens pending removal proceedings upon an individualized assessment of flight risk and dangerousness. INA § 236(a); 8 U.S.C. § 1226(a).

13. An exception to this general authority applies to a narrowly defined subset of noncitizens who are detained by immigration officials "when . . . released" from physical criminal custody following convictions for certain enumerated offenses. INA § 236(c); 8 U.S.C. § 1226(c).

14. On information and belief, ICE and Respondent allege Mr. Quiroz false within INA § 236(c)'s mandatory detention exception, rather § 236(a)'s general rule of bond eligibility.

15. Mr. Quiroz is not subject to mandatory detention pursuant to § 236(c) because he was plainly and inarguably not detained by ICE officials "when . . . released" from physical criminal custody, as the INA requires, much less the physical criminal custody for 2008 criminal conviction in Chicago that would trigger mandatory detention.

16. Instead, ICE arrested Mr. Quiroz while he was walking inside a courtroom to attend a hearing on a citation he received for driving without a license, nearly 7 years *after* he pleaded guilty to the charge in Chicago.

17. The INA neither requires nor permits detention under these conditions, and Mr. Quiroz's present, no-bond detention is therefore contrary to law.

## CLAIM FOR RELIEF
### COUNT I – ICE'S MANDATORY DETENTION OF MR. QUIROZ VIOLATES THE INA

18. All previous paragraphs are incorporated as though fully set forth herein.

19. Mr. Quiroz is not subject to mandatory detention pursuant to INA § 236(c) because ICE did not detain him when he was released from physical custody following his 2008 plea deal. *See, e.g., Khodr v. Adduci*, 697 F. Supp. 2d 774, 776 (E.D. Mich. 2010).

20. Rather, he is bond-eligible because he falls without INA § 236(a).

21. Accordingly, he seeks the opportunity to pursue an immediate immigration bond hearing.

## REQUEST FOR RELIEF

**WHEREFORE**, Petitioner respectfully seeks the following relief:

- 4 -

A. Assume jurisdiction over this matter;

B. Pursuant to 28 U.S.C. § 2243, Order Respondents to show cause, within three days of filing this petition, why the writ of habeas corpus should not be granted; and set a hearing on this matter within five days of Respondents' return on the order to show cause;

C. Grant the writ of habeas corpus and order that Mr. Quiroz be afforded a bond hearing pursuant to Section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a).

D. Award reasonable attorney's fees, costs, and other disbursements pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

E. Grant any further relief as this Court deems just and appropriate.

Date: September 21, 2015

Respectfully submitted,

*/s/ R. Andrew Free*

**R. ANDREW FREE, TN BPRN 030513***
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202 (office)
(615) 244-4345 (fax)
Andrew@ImmigrantCivilRights.com

- 5 -

Case 3:15-cv-01020   Document 1   Filed 09/21/15   Page 5 of 6 PageID #: 5

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUBEN **QUIROZ**-TREJO, | ) |
| | ) |
| *Petitioner,* | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) PETITION FOR WRIT OF HABEAS |
| DAVID **RIVERA**, in his Official Capacity | ) CORPUS PURSUANT TO 28 U.S.C. § |
| as New Orleans Field Office Director, | ) 2241 |
| U.S. Immigration and Customs | ) |
| Enforcement – Enforcement and | ) |
| Removal Operations, | ) |
| | ) |
| *Respondent.* | ) |

## VERIFICATION

I, Ruben Quiroz-Trejo, being an adult resident of the State of Tennessee and in all respects qualified to make this Verification, hereby swear and affirm under penalty of perjury that all facts in the foregoing Verified Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Date: September 21, 2015                    X _____
                                                                    Ruben Quiroz Trejo